

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAMEKA BEY                                                     :
6138 Chew Avenue                                              :
Philadelphia, PA 19138                                        :
        and                                                   :
ACQUANO BEY                                                   :       Civil Action No.05-CV-686
6138 Chew Avenue                                              :       Jury Trial Requested
Philadelphia, PA 19138                                        :
        and                                                   :
ALIYAH MUHAMMAD, a minor,                                     :
by DAMEKA BEY, her guardian                                   :
6138 Chew Avenue                                              :
Philadelphia, PA 19138                                        :
        and                                                   :
AMEERAH MUHAMMAD, a minor,                                    :
by DAMEKA BEY, her guardian                                   :
6138 Chew Avenue                                              :
Philadelphia, PA 19138                                        :
                            Plaintiffs                        :
                                                              :
                                                              :
        v.                                                    :
CITY OF PHILADELPHIA                                          :
Department of Human Services and                              :
Philadelphia Police Department                                :
1515 Arch Street                                              :
Philadelphia, PA 19102                                        :
        and                                                   :
ALBA E. MARTINEZ, in her capacity                             :
as Commissioner of DHS                                        :
Department of Human Services                                  :
1515 Arch Street                                              :
Philadelphia, PA 19102                                        :
        and                                                   :
KRISTEN SHATZS, individually and in:
her capacity as Social Work Supervisor                        :
Department of Human Services                                  :
1515 Arch Street                                              :
Philadelphia, PA 19102                                        :

FILED

APR 2 1 2005

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk



1

and                                          :
NORMA BRIGGS, individually and in            :
her capacity as Social Worker                :
Department of Human Services                 :
1515 Arch Street                             :
Philadelphia, PA 19102                       :
         and                                 :
ETTA FIELDS, individually and in her         :
capacity as Social Worker                    :
Department of Human Services                 :
1515 Arch Street                             :
Philadelphia, PA 19102                       :
         and                                 :
JEFFREY JEWS                                 :
2810 Poplar Street                           :
Philadelphia, PA 19130                       :
         and                                 :
P/O BYRNE **(previously identified as**      :
 **P/O Bryan)** BADGE No. 3150,              :
14th District, individually and his          :
capacity as a Police Officer                 :
Philadelphia Police Department               :
1515 Arch Street                             :
Philadelphia, PA 19102                       :
         and                                 :
P/O LANDHERR **(previously identified**:
 **as P/O Land)** BADGE No. 3083             :
14th District, individually and his          :
capacity as a Police Officer                 :
Philadelphia Police Department               :
1515 Arch Street                             :
Philadelphia, PA 19102                       :
         and                                 :
SGT. JOHN DOE, BADGE No. 8500                :
14th District, individually and his          :
capacity as a Police Officer                 :
Philadelphia Police Department               :
1515 Arch Street                             :
Philadelphia, PA 19102                       :
                              Defendants

2

## AMENDED COMPLAINT

## I. INTRODUCTION

1.      This is a civil rights action brought by the plaintiffs, Dameka Bey,

Acquano Bey, Aliyah Muhammad, and Ameerah Muhammad under the , Civil Rights Act

of 1866, 42 U.S.C. § 1983.  Plaintiffs seek injunctive and declaratory relief, damages and

attorney's fees to redress their claims.

## II. JURISDICTION AND VENUE

2.      The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section

1331 and 42 U.S.C. Sections 1983.  Venue is based on 28 U.S.C. Section 1391(b).

Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims

arising under the laws of the Commonwealth of Pennsylvania.

## III. PARTIES

3.      Plaintiffs, Dameka Bey,  Acquano Bey, Aliyah Muhammad, and Ameerah

Muhammad are citizens of the United States and reside at 6138 Chew Avenue,

Philadelphia, Pennsylvania. Dameka Bey and Acquano Bey are husband and wife.  Aliyah

and Ameerah Muhammad are minors.   Dameka Bey is the biological mother of Aliyah

and Ameerah.

4.      Defendant, City of Philadelphia, is a municipal corporation, organized and

existing under the laws of the Commonwealth of Pennsylvania and is a person within the

meaning of 42 U.S.C. § 1983 of the United States Code.

5.      Defendant, Alba Martinez, is and was at all times relevant to this action the Commissioner of the Philadelphia Department of Human Services (hereinafter DHS), and was at all times relevant to this action an authorized policy maker for the defendant, City of Philadelphia.

6.      Defendant, Kristen Shatz was at all times relevant to this action a supervisor for the Philadelphia Department of Human Services and was acting as an agent, servant, and/or employee of the defendant, City of Philadelphia.

7.      Defendant, Norma Briggs was at all times relevant to this action a social worker for the Philadelphia Department of Human Services and was acting as an agent, servant and/or employee of the defendant, City of Philadelphia.

8.      Defendant, Etta Fields was at all times relevant to this action a social worker for the Philadelphia Department of Human Services and was acting as an agent, servant and/or employee of the defendant, City of Philadelphia.

9.      Defendant, Jeffrey Jews, is a citizen of the United States and resides at 2810 Poplar Street, Philadelphia, Pennsylvania.  He is the biological father of Aliyah and Ameerah Muhammad.

10.      Defendant,  Sergeant John Doe, Badge No. 8500,  was at all times relevant to this action a supervisor for the Philadelphia Police Department and was acting as an agent, servant, and/or employee of the defendant, City of Philadelphia.

11.      Defendants, Officers Byrne, Badge No. 3150 and Landherr, Badge No.

4

3083 were at all times relevant to this action police officers of the Philadelphia Police Department, and were acting as agents, servants and employees of the defendant, City of Philadelphia.

12.     Plaintiff sues each and all municipal defendants in both their individual and official capacities.

## IV. FACTUAL ALLEGATIONS

13.     The averments set forth in all preceding paragraphs, inclusive, are incorporated herein by reference.

14.     On or about November 8, 2002, the Honorable Myrna P. Field granted plaintiff, Dameka Bey, primary physical custody of her two children, plaintiffs Aliyah and Ameerah Muhammed.

15.     The November 8, 2002 custody order also granted visitation rights to defendant, Jeffrey Jews.

16.     The relationship between Mrs. Bey and Mr. Jews has been contentious since before Aliyah and Ameerah were born.

17.     Mr. Jews has a criminal record for physically abusing Mrs. Bey during their marriage and has a history of abuse against a female sibling.

18.     Pursuant to the custody order, Mrs. Bey delivered Aliyah and Ameerah to Mr. Jews on July 26, 2003 for their weekend visit.

19.     On July 27, 2003, Mrs. Bey was notified that Mr. Jews had called the 14th

police district and reported that Aliyah had been abused by her stepfather, plaintiff Acquano Bey.

20.     Mrs. Bey was subsequently informed by defendant, DHS, worker Norma Briggs that an investigation into the allegations of abuse would have to be done and that the children would have to remain with Mr. Jews.

21.     DHS employee Norma Briggs made the decision to allow Aliyah and Ameerah to remain with Mr. Jews without conducting an investigation of Mr. Jews and his home.

22.     DHS employee Norma Briggs allowed Aliyah and Ameerah to remain with Mr. Jews without ascertaining the whereabouts of Mr. Jews' brother who had sexually abused Aliyah when she was four years old.

23.     DHS employee Norma Briggs and/or employees of DHS also made the decision to allow Aliyah and Ameerah to remain with Mr. Jews notwithstanding Judge Field's court order granting custody to Mrs. Bey.

24.     DHS failed to consider Mr. Jews' conduct regarding his sexual abuse of his female sibling before terminating Mrs. Bey's parental rights and giving custody of Aliyah and Ameerah to him.

25.     DHS failed to ascertain that defendant, Mr. Jews had not been making child support payments for Aliyah and Ameerah before taking them from Mrs. Bey and placing them with Mr. Jews.

26.     Between July 27, 2003 and October 1, 2003, DHS also failed to seek a court order terminating or modifying Mrs. Bey's parental rights or Judge Field's court order.

27.     On or about July 28, 2003, the case of alleged abuse of Aliyah and Ameerah was assigned to defendant and supervisor, Christian Shatzs who subsequently assigned the case to defendant, Etta Fields.

28.     On July 28, 2003, defendant Fields, notified Mrs. Bey that Aliyah and Ameerah would be staying with Mr. Jews until Ms. Fields completed her investigation which could take two weeks to a month.

29.     Despite placing Aliyah and Ameerah with the defendant, Jeffrey Jews, defendant, Etta Fields failed to conduct and investigation into the background of Jeffrey Jews.

30.     Despite placing Aliyah and Ameerah with the defendant, Jeffrey Jews, Ms. Fields failed to conduct and investigation into the background of Jeffrey Jews' brother who had previously sexually abused Aliyah.

31.     Notwithstanding the taking of Aliyah and Ameerah from their mother and placing them with the defendant, Jeffrey Jews, defendant Shatzs and Fields failed to obtain a voluntary placement agreement; a restraining order; and/or any other court order authorizing suspension of Mrs. Bey's parental rights and placement with defendant, Jeffrey Jews.

32.     After taking Aliyah and Ameerah from their mother and placing them with

the defendant, Jeffrey Jews, defendant Shatzs and Fields failed to ascertain that defendant, Jeffrey Jews had not been making child support payments for Aliyah and Ameerah.

33.    At no time while Aliyah and Ameerah were in the custody of defendant, Jeffrey Jews due to the DHS placement did DHS file a petition with the Court of Common Pleas to determine if the allegations of abuse were true and that protective custody was needed.

34.    Due to Ms. Shatzs and Ms. Fields' refusal to allow Ms. Bey to see her children Aliyah and Ameerah,  Mr. and Mrs. Bey retained legal representation.

35.    On or about August 21, 2003, Mrs. Bey was informed by her counsel that no court orders had been issued authorizing DHS to take her children and turn them over to defendant, Jews, therefore, she was entitled to have her children.

36.    On or about August 21, 2003, Mrs. Bey went with a police officer to the home of defendant, Jeffrey Jews and retrieved Aliyah and Ameerah.

37.    On the evening of August 21, 2003, defendant Jeffrey Jews along with defendants, P/O Byrne, P/O Landherr# 3083 and Sergeant John Doe# 8500 went to the home of Mrs. Bey and based on a letter written and signed by defendant, Etta Fields, entered the home and took Aliyah and Ameerah from their mother, Mrs. Bey. (See Exhibit 1).

38.    When Mrs. Bey showed the officers her custody order they indicated that

they were aware of Judge Field's court order but the DHS letter from defendant, Etta

Fields overrode Judge Field's court order.

39.    In September, 2003, Mrs. Bey with the assistance of counsel petitioned

Philadelphia Common Pleas Court which allowed her to retrieve Aliyah and Ameerah

from defendant, Jews.

40.    Despite the court ruling defendant, DHS continued to seek access to Mrs.

Bey's home to allegedly conduct an investigation.

41.    At another court hearing held in October, 2003, it was ruled that defendant

DHS did not have any evidence of abuse against Mr. and Mrs. Bey.

42.    Despite the court hearings regarding the matter of alleged abuse, defendant,

DHS continued to seek admission to Mr. and Mrs. Bey's home to conduct an

investigation and place some type of social service assistance in the Bey home.

43.    No court ever ruled that Mr. and Mrs. Bey or their children were in need of

any home services provided by DHS.

44.    Notwithstanding the court ruling, defendant, DHS advised the

Commonwealth of Pennsylvania's Department of Public Welfare that Mr. and/or Mrs.

Bey had abused Aliyah.

45.    After receiving the report of abuse from DHS, the Commonwealth of

Pennsylvania issued what is known as an "indication" which means that Mr. and Mrs.

Bey were listed as perpetrators of child abuse.  This status was to remain for a period of

23 years from Aliyah's date of birth.

46.     Mr. and Mrs. Bey appealed the Report of Indication of Child Abuse and on

August 31, 2004, it was ordered that the indicated report of child abuse be expunged.

## COUNT I
## Dameka Bey v. City of Philadelphia (DHS)
## (42 U.S.C.§1983 - Due Process)

47.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as

though fully set forth below.

48.     At all times relevant hereto, plaintiff, Dameka Bey was the custodial parent

of Aliyah and Ameerah Muhammad pursuant to a court order issued by Judge Myrna P.

Field.

49.     Due to unsubstantiated charges of abuse, defendant City of Philadelphia,

placed Aliyah and Ameerah in the custody of their biological father, defendant Jeffrey

Jews.

50.     Between July 28, 2003 and October 2003, defendant, City of Philadelphia

failed to seek a hearing regarding the charges of abuse and the suspension of Mrs. Bey's

parental rights.

51.     The defendant, City of Philadelphia's taking of Mrs. Bey's daughters and

the failure to provide a hearing violated the due process clause of the 14th Amendment of

the federal constitution.

52.     By interfering with the parent and child relationship the City of Philadelphia

10

violated the 14th Amendment of the federal constitution's substantive due process rights of Mrs. Bey.

53.     By taking and keeping Aliyah and Ameerah from Mrs. Bey without having a hearing where she could be heard violated her procedural due process rights.

54.     Defendant, City of Philadelphia, engaged in a practice of failing to train and supervise its employees in the constitutional rights of the citizens it serves.

55.     Defendant, City of Philadelphia's employees, servants and or agents treatment of Mrs. Bey and their ignoring Judge Field's court order demonstrated a pattern of deliberate indifference to the rights of Mrs. Bey.

56.     Due to defendant, City of Philadelphia's conduct, plaintiff has suffered extreme anguish and humiliation causing her to seek and receive medical treatment. Plaintiff has also had to procure the services of counsel and miss work as a result of defendant's conduct.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against the City of Philadelphia for compensatory damages in excess of One Hundred Thousand Dollars.**

### COUNT II
### Dameka Bey v.  Alba E. Martinez
### (42 U.S.C.§1983)

57.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

11

58.     As commissioner of DHS, defendant Martinez knows, knew or should have known that her employees, agents, or servants were not trained or supervised in the constitutional rights of the citizens her agency serves.

59.     Moreover, defendant Martinez knew or should have known that the constitutional rights of Dameka Bey were being violated by her employees and acquiesced in their conduct.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against defendant, Alba E. Martinez for compensatory damages in excess of One Hundred Thousand Dollars.**

## COUNT III
### Dameka Bey v. Kristen Shatzs
### (42 U.S.C.§1983)

60.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

61.     At all times relevant to this action, defendant Shatzs was a DHS supervisor and was actively involved in the taking of Mrs. Bey's daughters and the failure to provide her with a hearing.

62.     Ms. Shatzs ignored court orders regarding the custodial rights of Ms. Bey and allowed her subordinate, Etta Fields, to do the same.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against defendant, Kristen Shatzs for compensatory damages in excess of One Hundred Thousand Dollars.**

## COUNT IV
### Dameka Bey v. Norma Briggs and Etta Fields
### (42 U.S.C.§1983)

63.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as fully set forth below.

64.     Defendants, Briggs and Fields knew or should have known that their actions of taking Aliyah and Ameerah from their mother, who had a valid court order granting her primary custody, was a violation of Mrs. Bey's federal constitutional rights.

65.     Defendants, Briggs and Fields knew or should have known that their actions of not providing Mrs. Bey with a hearing either before or more than sixty days after the taking of her daughters was a violation of established federal constitutional rights.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against defendants, Norma Briggs and Etta Fields for compensatory damages in excess of One Hundred Thousand Dollars.**

## COUNT V
### Dameka and Acçuano Bey v. City of Philadelphia
### (42 U.S.C.§ 1983 - Fourth Amendment)

66.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as

13

though fully set forth below.

67.     Police Officers Byrne, Landherr and Sgt. John Doe did enter the home of Dameka and Acquano Bey on August 21, 2003, without a warrant and without probable cause.

68.     The officers were aware of the court order granting custody to Mrs. Bey but believed the letter from defendant, Etta Fields abrogated it.

69.     The officers removed Aliyah and Ameerah from their home and mother.

70.     The officers knew or should have known that a letter from a social worker does not repeal a court order.

71.     The officers' conduct resulted from Defendant, City of Philadelphia engaging in a pattern, practice, and/or custom of failing to train and supervise its officers in searches and seizure in child welfare cases.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against defendant, City of Philadelphia for compensatory damages in excess of One Hundred Thousand Dollars.**

## COUNT VI
### Dameka and Acquano Bey v. P/O Byrne, P/O Landherr and Sgt. John Doe
### (42 U.S.C.§ 1983 - Fourth Amendment)

72.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

73.     Officers Byrne, Landherr, and Sgt. John Doe, entered the home of Dameka

and Acquano Bey on August 21, 2003, without a warrant or probable cause.

74.     The officers entered the home for the purpose of taking Aliyah and Ameerah from their mother, Mrs. Bey and placing them with their father Jeffrey Jews.

75.     The officers were aware that Mrs. Bey had a court order granting her primary custody of Aliyah and Ameerah.

76.     Defendant police officers were also aware of a letter from DHS worker Etta Fields stating that the father was to have custody pending an investigation.

77.     Defendant police officers saw no evidence that Mr. and Mrs. Bey were committing a crime.

78.     Defendant police officers knew or should have known that the entering of the home of Mr. and Mrs. Bey without a warrant or probable cause was a violation of clearly established constitutional rights.

**WHEREFORE, Plaintiff, Dameka Bey requests judgment in her favor and against defendants, P/O Byrne, P/O Landherr and Sgt. John Doe for compensatory damages in excess of One Hundred Thousand Dollars.**

## COUNT VII
### Aliyah and Ameerah Muhammad v. City of Philadelphia
### (42 U.S.C.§ 1983 - Due Process)

79.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

80.     At all times relevant hereto, plaintiffs, Aliyah and Ameerah Muhammad

15

were the biological daughters of Dameka Bey who was also their custodial parent pursuant to a court order issued by Judge Myrna P. Field.

81. Due to unsubstantiated charges of abuse, defendant City of Philadelphia, placed Aliyah and Ameerah in the custody of their biological father, defendant Jeffrey Jews.

82. Between July 28, 2003 and October 2003, defendant, City of Philadelphia failed to seek a hearing regarding the charges of abuse and the suspension of Mrs. Bey's parental rights.

83. The defendant, City of Philadelphia's taking of plaintiffs and the failure to provide a hearing violated the due process clause of the 14th Amendment of the federal constitution.

84. By interfering with the parent and child relationship the City of Philadelphia violated the 14th Amendment of the federal constitution substantive due process rights of Aliyah and Ameerah.

85. By taking and keeping Aliyah and Ameerah from their mother without having a hearing violated their procedural due process rights.

86. Defendant, City of Philadelphia, engaged in a practice of failing to train and supervise its employees in the constitutional rights of the citizens it services.

87. Defendant, City of Philadelphia's employees, servants and or agents treatment of Aliyah and Ameerah and their ignoring Judge Field's court order

demonstrated a pattern of deliberate indifference to their rights.

88.     Due to defendant, City of Philadelphia's conduct, plaintiffs have suffered extreme anguish and humiliation causing them to seek and receive medical treatment.

**WHEREFORE, Plaintiffs, Aliyah and Ameerah Muhammad requests judgment in their favor and against the City of Philadelphia for compensatory damages in excess of One Hundred Thousand Dollars.**

**COUNT VIII**
**Aliyah and Ameerah Muhammad v. Shatzs, Fields and Briggs**
**(42 U.S.C.§ 1983 - Due Process)**

89.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

90.     Defendants, Shatzs, Briggs, and Fields knew or should have known that their actions of taking Aliyah and Ameerah from their mother, who had a valid court order granting her primary custody, interfered with plaintiffs' right to be with their mother which is a violation of plaintiffs' clearly established federal constitutional rights.

91.     Defendants, Shatzs, Briggs, and Fields knew or should have known that their actions of not providing plaintiffs' mother with a hearing either before or more than sixty days after the taking was a violation of plaintiffs' clearly established federal constitutional rights.

17

WHEREFORE, Plaintiffs, Aliyah and Ameerah Muhammad request judgment in their favor and against defendants, Kristen Shatzs, Norma Briggs, and Etta Fields for compensatory damages in excess of One Hundred Thousand Dollars.

## COUNT IX
### All Plaintiffs v. Jeffrey Jews
### Abuse of Process

92.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

93.     Defendant, Jeffrey Jews made an unfounded charge of child abuse against plaintiffs, Demeka Bey, his former wife, and Acquano Bey.

94.     The charge of child abuse was made by Mr. Jews to defendant, DHS which precipitated court proceedings.

95.     Upon information and belief it is averred that Mr. Jews made this accusation for the purpose of obtaining custody of Aliyah and Ameerah which would increase his welfare payments and eliminate his support payments.

WHEREFORE, All plaintiffs request judgment in their favor and against defendant, Jeffrey Jews for compensatory damages in excess of One Hundred Thousand Dollars.

## COUNT X
### Dameka and Acquano Bey vs. All Defendants
### Intentional Infliction of Emotional Distress

96.     Plaintiffs aver and incorporate by reference all the preceding paragraphs as

though fully set forth below.

97.     Defendants knew or should have known that their deliberate action of taking
Aliyah and Ameerah from their mother, interfered with plaintiff mother's right to be with her
children and deprived plaintiff of her right to be with her children causing severe emotional
distress to Plaintiff.

98.     Defendants deliberate action of taking Aliyah and Ameerah from their mother,
interfering with plaintiff mother's right to be with her children and depriving plaintiff of her right
to be with her children was a substantial factor in causing the severe emotional distress suffered
by Plaintiff.

99.     As a direct and proximate result of the defendants' actions Plaintiff suffered
severe emotional distress and suffered mental reactions including but not limited to fright,
anxiety, grief, shame, humiliation, embarrassment, and worry.

100.    As a direct and proximate result of the conduct of defendants, Plaintiff was caused
to suffer emotional distress and has in the past required and may in the future require medical
care and treatment, and may in the future continue to incur costs of medical treatment and
counseling.

101.    As a direct and proximate result of the defendants' actions Plaintiff has in the past
underwent great emotional  anguish and may in the future continue to suffer mental anguish,
humiliation and embarrassment.

**WHEREFORE, Plaintiffs, Dameka and Acquano Bey request judgment in their
favor and against all defendants, for compensatory damages in excess of One Hundred
Thousand Dollars.**

## COUNT XI
### Aliyah and Ameerah Bey vs. All Defendants
### Intentional Infliction of Emotional Distress

102.   Plaintiffs aver and incorporate by reference all the preceding paragraphs as though fully set forth below.

103.   Defendants knew or should have known that their deliberate action of taking Aliyah and Ameerah from their mother, interfered with their right to be with their mother and deprived plaintiffs of their familia  right to be with their mother causing severe emotional distress to Plaintiffs.

104.   Defendants deliberate action of taking Aliyah and Ameerah from their mother, interfering with their right to be with her and depriving plaintiffs of their right to be with their mother was a substantial factor in causing the severe emotional distress suffered by Plaintiffs.

105.   As a direct and proximate result of the defendants' actions Aliyah and Ameerah suffered severe emotional distress and suffered mental reactions including but not limited to fright, anxiety, grief, shame, humiliation, embarrassment, and worry.

106.   As a direct and proximate result of the conduct of defendants, Plaintiff s were caused to suffer emotional distress and has in the past required and may in the future require medical care and treatment, and may in the future continue to incur costs of medical treatment and counseling.

107.   As a direct and proximate result of the defendants' actions Plaintiffs have in the past underwent great emotional  anguish and may in the future continue to suffer mental anguish, humiliation and embarrassment.

20

**WHEREFORE, Plaintiffs, Aliyah and Ameerah Bey request judgment in their favor and against all defendants, for compensatory damages in excess of One Hundred Thousand Dollars.**

BY: _____

Kenneth S. Robinson, Esquire

_____

Regina Warren, Esquire
Counsel for Plaintiffs

Date: _April 20_____, 2005

21